IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION



| | |
|---|---|
| IN THE MATTER OF THE APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER DIRECTING THE DISCLOSURE OF TELECOMMUNICATIONS RECORDS ON TELEPHONE **(417) 844-4586** | No. 14-PR-3007DPR <br><br> (UNDER SEAL) |

## APPLICATION

Michael Oliver, Assistant United States Attorney, Western District of Missouri, (hereinafter "Applicant"), an attorney for the Government as defined by Fed. R. Crim. P. 1(b)(1), hereby applies to the Court for an order, pursuant to 18 U.S.C. §§ 2703(c) and 2703(d), directing disclosure of telecommunications records. In support of this application, I state the following:

1. Applicant certifies the Federal Bureau of Investigation is conducting a criminal investigation of CRAIG MICHAEL WOOD (hereinafter "WOOD") and others as yet unknown, in connection with possible violations of Title 18, United States Code, Sections 1201 and 2252. It is believed the subject of the investigation is using telephone number (417) 844-4586, (hereinafter the "Target Telephone"), a cellular telephone issued by VERIZON COMMUNICATIONS, INC., subscribed to by WOOD, 1538 East Stanford Street, Springfield, Missouri and used by WOOD in furtherance of the subject offenses. Applicant further certifies the information likely to be obtained from the § 2703(d) order is relevant and material to an ongoing criminal investigation and it is believed this information will concern the aforementioned offenses.

2. Applicant requests the Court issue an order, pursuant to 18 U.S.C. § 2703(d), ordering VERIZON COMMUNICATIONS, INC., and any person or entity providing wire or electronic communication service in the United States whose assistance may facilitate this order,

or their employees or agents, to forthwith disclose to the FBI: (1) subscriber name and address; (2) local and long distance telephone connection records (sometimes also known as "toll records" or "call detail records") for the period of February 3, 2014 through February 18, 2014; (3) length of service (including start date) and types of service utilized;(4) telephone or instrument number or other subscriber number or identity, including any temporarily assigned network address; (5) all cell sites used by the above-mentioned telephone, including corresponding antenna information; configuration (omni directional or sectorized, sector orientation) control channels used; (6) address and longitude/latitude of antennas for the period February 3, 2014, through February 18, 2014; and (7) Per Call Measurement Data for the period of February 3, 2014, through February 18, 2014;

    3.    Applicant further requests the order be limited to the aforementioned subscriber and geographic information, and expressly exclude the contents of any wire or electronic communication.

    4.    In support of its request for an order under 18 U.S.C. §§ 2703(c) and 2703(d), and based upon discussions with Special Agent Patrick Thomas, the Government sets forth the following specific and articulable facts showing there are reasonable grounds to believe the geographic information sought is relevant and material to an ongoing criminal investigation:

> On or about February 18, 2014, witnesses reported that a white male forcibly abducted H.O., a juvenile, date of birth 08/18/2003, near the address of 3247 West Lombard Street, Springfield, Missouri. Witnesses further reported that the white male subject was driving a Tan/Gold colored Ford Ranger truck with Missouri license plate 1YF 454. Witnesses further reported seeing a vehicle matching this description in the area where the abduction occurred at approximately 3:30 p.m., which was one hour and 15 minutes prior to the abduction.
>
> Subsequent investigation identified the white male as CRAIG MICHAEL WOOD, residing at 1538 East Stanford Street, Springfield, Missouri. WOOD was

encountered by law enforcement at his residence as he arrived there in the above-described Ford Ranger. WOOD's cellular telephone was located in WOOD's truck when it was searched by law enforcement pursuant to a search warrant.

Law enforcement personnel located what appeared to be the body of a small child, later identified as H.O., located inside a plastic container in the basement area of WOOD's residence. A subsequent search of WOOD's residence located printed images of child pornography as well as a laptop computer. The peer-to-peer file sharing program FrostWire was located on the computer. This program is commonly used to trade child pornography.

When interviewed by law enforcement, WOOD advised he departed his place of employment at the Pleasant View Middle School at approximately 3:15 p.m. on February 18th, and drove directly to his residence. WOOD'S residence is located approximately 5 miles from where the abduction occurred.

The foregoing facts confirm that the geographic information sought is relevant and material to an ongoing criminal investigation in that it will reveal WOOD'S whereabouts on February 18th and over the preceding two-weeks. In particular, this information will reveal whether he had stalked the area of this abduction or other areas over that period of time and will develop the pattern of his activities during the period between 3:00 p.m. and 5:00 p.m. over that period.

5. Applicant further requests the FBI pay reasonable compensation to VERIZON COMMUNICATIONS, INC., pursuant to 18 U.S.C. §§ 2706(a) and (b), for reasonable expenses incurred in providing such facilities and assistance, excluding, pursuant to § 2706(c), any costs associated with providing local and long distance telephone connection records (sometimes also known as "toll records" or "call detail records").

6. Applicant further requests that this Court's order delay notification of this application and this order to the subscriber or customer for a period not to exceed ninety days, and that the Court command the provider of electronic communication service or remote computing service not to notify any other person of the existence of this application and this order (for such

period as the court deems appropriate) because such notification would seriously jeopardize the investigation.

WHEREFORE, it is respectfully requested the Court grant an order: (1) directing VERIZON COMMUNICATIONS, INC. to disclose to the FBI subscriber name and address, local and long distance telephone connection records, telephone or instrument number, and cell site and other stored historical geographical information on the above-listed cellular accounts; (2) directing the FBI to reimburse VERIZON COMMUNICATIONS, INC. for reasonable expenses incurred in providing such facilities and assistance; (3) sealing this application and the Court's order except a copy of the order be provided to VERIZON COMMUNICATIONS, INC., and any person or entity providing wire or electronic communication service in the United States whose assistance may facilitate the execution of this Order for secure and confidential maintenance; and (4) directing VERIZON COMMUNICATIONS, INC., and any person or entity providing wire or electronic communication service in the United States providing wire or electronic communication service in the United States whose assistance may facilitate this order, not to disclose the existence of the application and order, the release of the requested information, or the existence of the investigation, to the listed subscriber, or to any other person.

4

I declare the foregoing is true and correct to the best of my belief and knowledge.

Executed: February 21, 2014.

Respectfully submitted,

Tammy Dickinson
United States Attorney

By: *[signature]*

Michael S. Oliver
Assistant United States Attorney

901 St. Louis Street, Suite 500
Springfield, Missouri 65806
Telephone: (417) 831-4406

Sworn to before me and subscribed in my presence at Springfield, Missouri, this 21st day of February 2014.

*[signature]*

HONORABLE DAVID P. RUSH
United States Magistrate Judge
Western District of Missouri

5